```
 1  Harold E. Fortner, Jr.
    13019 Los Nietos Road
 2  Santa Fe Springs, CA 90670
    (626) 727-4362
 3  Defendant in Propria Persona
 4
 5
 6
 7                      UNITED STATES DISTRICT COURT
 8                      WESTERN DISTRICT OF MISSOURI
 9
10  KATHLEEN A KISKA                    )   CASE NO.: 3;24-CV-05089-MDH
                                        )
11                                      )   HON. M. Douglas Harpool
              Plaintiff,                )
12                                      )
                                        )   MEMORANDUM OF POINTS AND
13  HAROLD E. FORTNER, JR., and ST      )   AUTHORITIES IN SUPPORT OF
    CLAIR COUNTY STATE BANK, solely     )   DEFENDANT'S OPPOSITION TO
14  in its capacity as lienholder, and  )   PLAINTIFF'S MOTION TO REMAND
    WESTON SHELBY, solely in its
```

**TABLE OF CASES**

| CASE | PAGE |
|---|---|
| *Cobb*, 2020 WL 4014744................................ | 5 |
| *Durham v. Lockheed Martin Corp.*, .................. | 5,6 |
|     445 F.3d 1247, 1251 (9th Cir. 2006) | |
| *Gonzalez v. Ford Motor Co.*,............................ | 3 |
|     2019 WL 1364976 | |
| *Gonzalez v. Costco Wholesale Corp.*,................ | 6 |
|     2021 WL 4916608 (C.D. Cal. Oct. 21, 2021 | |
| *Harris v. Bankers Life and Cas. Co.*,.................. | 5 |
|     425 F.3d 689, 694 (9th Cir. 2005) | |
| *Ibarra v. SMG Holdings Inc.*,............................ | 7 |
|     2021 WL 4948853, at *3 | |
| *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, ....... | 4 |

## ARGUMENT

## THE COURT SHOULD DENY PLAINTIFFS' MOTION TO REMAND.

Diversity of citizenship exists when there is no common state citizenship between the plaintiffs and defendants in a suit. As in the case at bar, complete diversity of citizenship occurs when no plaintiff and defendant are domiciled in the same state. The Plaintiff is a resident of the State of Illinois, this opposing Defendant resides in the State of California, and the remaining defendants are residents of the State of Missouri. Hence, a classic case of diversity of citizenship. For all of the reasons set forth below and in the remainder of the record of this matter, the Motion is factually and legally baseless, and the Court should wholly deny it. Leaving aside Plaintiffs' untoward and unfounded editorializing on Defendant's motives in timely removing this case from State Court, the instant Motion concedes most of the key facts and controlling law as to the propriety and lawfulness of this action remaining before this Court. Given the Plaintiff's boilerplate averments of the amount in controversy and concomitant failure to set forth

jurisdiction controlling the removal. It was determined by that court that the removal was timely and appropriate, thereafter transferring the case to the present jurisdiction and court for the determination of the merits, or lack thereof the case at bar under Missouri real property law and to rehash what it had already determined to be appropiate regarding removal.

  Otherwise put, the governing thirty (30)-day removal clock does not start ticking, where the face of the pending Complaint -- as here -- does not specifically and clearly establish the amount of damages pursued. At bottom, Plaintiff simply did not do what she needed to do to establish the specific amount in controversy, and that dispositive failing lands with a thud at her doorstep. Therefore, remand is unwarranted, and the Court should swiftly deny the Motion.

  Plaintiff's only argument in support of remand rests on the purported untimeliness of removal. Plaintiff does cannot contest that the Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332, because there is complete

which to remove an action from a State to a United States District Court. "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("*Harris*"). "[T]he Ninth Circuit does not 'charge defendants with notice of removability until they've received a paper that gives them enough information to remove.'" *Cobb*, 2020 WL 4014744, at *2, quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) ("*Durham*"). "Therefore, in the Ninth Circuit, a defendant does not have a duty to investigate whether the matter is removable even where there may be a 'clue' indicating that federal jurisdiction may exist." *Cobb*, 2020 WL 401474, at *2, citing *Harris*, 425 F.3d at 694. On this subject, the Ninth Circuit has explained that the "notice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. And, this Court expounded upon the wisdom of this principle, as follows:

noteworthy that the Kuxhausen class representative plaintiff faced a $5 million amount in controversy hurdle under the Class Action Fairness Act of 2005 ("CAFA"). See *Kuxhausen*, 707 F.3d at 1139-40. And, she averred in her initial Complaint that the personal claim regarding her subject lease of a BMW vehicle exceeded $50,000, and that there existed at least 200 putative class members with like claims concerning such leases. Id. at 1138-41. However, her Complaint did not allege the amount of damages of each such putative class member, and, as a result, the Ninth Circuit held that that Complaint "fell short of triggering the removal clock under Section 1446(b)." Id. at 1141. That Court went on to explain that the District Court had erred in finding that said initial pleading did sufficiently trigger the removal timing, as follows:

> The district court . . . was influenced by the fact that for a 200 member class, the average contract price per vehicle needed only to exceed $25,000 in order to put greater than five million dollars in controversy. Presumably, it thought that sum was a plausible-enough guess for a case involving German luxury automobiles, perhaps doubly so since Kuxhausen's individual vehicle contract was more than twice that amount. The fact remains, however, that we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." This principle helps avoid a "Catch–22" for defendants desirous of a federal

negligence claim was not apparent from the face of the Complaint, which sought recovery for general damages, medical and incidental expenses, loss of earnings and earning capacity, pre-Judgment interest, and costs of the suit. Nevertheless and for that reason, the Court could not "discern from these allegations alone whether the amount in controversy exceeds $75,000." Id. at *3.

In this case, too, the Complaint nor the Petition has housed information that would permit the Defendant to make a "mathematical calculation" regarding the amount in controversy. Consequently, Plaintiff cannot point to any documents reflecting objective knowledge that the $75,000 requirement had been satisfied. See *Ibarra v. SMG Holdings Inc.*, 2021 WL 4948853, at *3 (C.D. Cal. Oct. 22, 2021) (holding "the removal clock did not begin to run upon Plaintiffs' filing of the OC [Original Complaint] because the OC did not affirmatively reveal the grounds for removal. While Plaintiffs sought compensatory damages, statutory penalties, attorneys' fees, and punitive damages in the OC, the OC fails to provide information that is necessary for calculating

## CONCLUSION

For all of the foregoing reasons and those arising from the remainder of the record of this matter, the Court should: (i) wholly deny the instant Motion, given that the Defendant's removal was timely, and the Court unquestionably has jurisdiction over this action, and (ii) issue to Defendant, Harold E. Fortner, Jr., such further relief as may be deemed just and proper.

Dated: December 29, 2024

Respectfully submitted,

/s/ Harold E. Fortner, Jr.
Harold E. Fortner, Jr.
Defendant in Propria Persona

# PROOF OF SERVICE

I, the undersigned, say: I am a resident of Los Angeles County employed in the City of Culver City, over the age of eighteen years and not a party to the within action or proceeding; That my address is P.O. Box 892, Culver City, California.

That on the 3rd day of January, 2025, I served a copy of the papers entitled OPPOSITION TO MOTION FOR REMAND to:

JAMES RACE LEIBER, Esq.
P.O. Box 565
Osceola, MO 64776

BETHANY G. PARSONS
Turner, Reed, Duncan, Loomer & Patton, P.C.
1355 East Bradford Parkway, Suite A
Springfield, MO 65804

by depositing said copy enclosed in a sealed envelope with first class postage hereon, fully prepaid, in the United States Postal Service mailbox at the Main Post Office in Culver City, California.