IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| KATHLEEN A. KISKA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. 3:24-cv-05089-MDH |
| HAROLD E. FORTNER, JR., ST. CLAIR COUNTY STATE BANK, Solely in its capacity as lienholder, and WESTON SHELBY, solely in its capacity as Named Trustee under Deed of Trust, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 11). *Pro Se* Defendant Harold E. Fortner, Jr. has filed suggestions in opposition (Doc. 14) and Plaintiff filed her reply suggestions (Doc. 16). Defendants St. Clair County State Bank and Weston Shelby have not responded, and the time do so has elapsed. The Court, after full consideration of the issues raised and legal arguments provided by the parties, hereby **GRANTS** Plaintiff's Motion to Remand.

## BACKGROUND

This case arises out of a Petition for Partition from the Circuit Court of Vernon County, Missouri. Plaintiff filed her petition seeking a partition of real estate in St. Clair County, Missouri and of personal property shared between her and Defendant Fortner, Jr. Plaintiff Kathleen Kiska is a resident of Buffalo Grove, Illinois. Defendant Harold E. Fortner, Jr. is a resident of Santa Fe Springs, California. Defendant St. Clair County State Bank is a domestic bank with its principal

1

place of business in Osceola, Missouri. Defendant Trustee Weston Shelby is a resident of Osceola, Missouri.

On or about February 14, 2008, Defendant Fortner executed a Deed of Trust in favor of St. Clair County State Bank. The Deed of Trust was recorded on February 15, 2008. On or about June 7, 2019, Defendant Fortner executed a Warranty Deed transferring the property to himself and Plaintiff as joint tenants in common. The Warranty Deed was recorded on June 17, 2019. Defendant St. Clair County State Bank is the lienholder of real estate under the Deed of Trust and Defendant Weston Shelby is joined as Trustee under the Deed of Trust. Plaintiff seeks a one-half interest in the real estate and personal property.

Plaintiff filed her Petition on August 20, 2024. Defendant Fortner was served on October 3, 2024. Defendant Fortner filed his Notice of Removal on November 7, 2024 seeking removal to the United States District Court for the Central District of California. (Doc. 1). The case was removed from the Circuit Court of Vernon County, Missouri to the United States District Court for the Central District of California. *Id*. The case was then transferred to this Court. *Id*. Plaintiff brings her current motion seeking remand to the Circuit Court of Vernon County to which Defendant Fortner opposes.

**STANDARD**

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.,* citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010). A case may not be removed

on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1).

## ANALYSIS

Plaintiff makes three arguments why this Court should remand the case back to the Circuit Court of Vernon County, Missouri. First, Defendant Fortner's Notice of Removal fails to follow the proper procedure for removal. Second, the Court lacks diversity jurisdiction over Plaintiff's Petition. Lastly, the Court lacks federal question jurisdiction.

### I. Proper Procedure for Removal

Plaintiff argues that Defendant Fortner's Notice of Removal was not timely. Additionally, Plaintiff asserts that Defendant Fortner failed to obtain consent from the other properly served Defendants to remove the case. Defendant Fortner argues that the 30-day removal clock does not start ticking, where the face of the pending Complaint does not specifically and clearly establish the amount of damages pursued, and thus argues his Notice of Removal is timely.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Here, Defendant Fortner was served on October 3, 2024. (Doc. 11-3, page 1). Defendant Fortner filed his Notice of Removal on November 7, 2024, 35 days after being served with the Complaint. (Doc. 1, page 1). This Court has found no case law that suggests that the filing requirement for U.S.C. § 1446(b)(1) is stayed until an amount of damages is determined. Rather

3

the plain language of the statute clearly provides that the 30-day filing requirement starts as soon as Defendant has received a copy of the initial proceeding. As such Defendant Fortner's Notice of Removal was untimely pursuant to U.S.C. § 1446(b)(1). Additionally, Defendant Fortner's Notice of Removal does not have the consent of any other Defendant in this case. (Doc. 1). A Waiver of Service was signed by Defendant St. Clair County State Bank on August 28, 2024. (Doc. 11-1). Likewise, a Waiver of Service was signed by Defendant Weston Shelby on August 28, 2024. (Doc. 11-2). Thus, both Defendants St. Clair County State Bank and Weston Shelby were properly joined and served before Defendant Fortner. Pursuant to 28 U.S.C. § 1446(b)(2)(A) Defendant Fortner was required to get the consent of the other Defendants before removal of this action could be proper. Defendant has failed to fulfill this requirement and thus his Notice of Removal was improper. For the reasons stated, Defendant Fortner's Notice of Removal was untimely and improper. As such, Plaintiff's Motion to Remand is hereby **GRANTED**.

## II.     Plaintiff's Other Arguments for Remand

The Court having found that Defendant Fortner's Notice of Removal was untimely and improper need not expand on Plaintiff's other arguments for remand.

## CONCLUSION

For the reason stated herein, Plaintiff's Motion to Remand is **GRANTED.** It is hereby **ORDERED** that this matter be **REMANDED** to the Circuit Court of Vernon County, Missouri.

**IT IS SO ORDERED.**
DATED:  February 4, 2025

  */s/ Douglas Harpool*
  **DOUGLAS HARPOOL**
  **UNITED STATES DISTRICT JUDGE**